Affirmed and Memorandum Opinion filed June 21, 2009








Affirmed and Memorandum Opinion filed June 21, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00493-CV

____________

 

BACM 2002 PB2 WESTPARK DR LP,
HOUSTON PARKWEST PLACE LTD, AS THE PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT
AND THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT, Appellees

 



 

On Appeal from the 11th
District Court

Harris County, Texas

Trial Court Cause No. 2007-64352

 



 

M E M O R A N D U M   O P I N I O N








This appeal arises from a lawsuit in which a former
property owner sought judicial review of the county appraisal district=s resolution of an
ad valorem tax valuation protest.  The subsequent purchaser of the property was
later added as a plaintiff.  The county appraisal district filed a plea to the
jurisdiction, contending that the plaintiffs had no standing.  The trial court
dismissed the suit, granting the appraisal district=s plea to the
jurisdiction.  We conclude neither the former property owner nor the subsequent
property owner had standing, and thus the trial court lacked jurisdiction.  We
therefore affirm.

I.  Factual and Procedural Background

Appellant BACM 2002 PB2 Westpark Dr. LP (ABACM@) owned property
located at 10160 Westpark Drive in Houston.  The record reflects that BACM sold
the property to appellant Houston Parkwest Place Ltd. (AParkwest Place@) by a special
warranty deed dated February 28, 2006.  By virtue of the conveyance, Parkwest
Place and not BACM owned the property on January 1, 2007. 

Claiming to be the owner of the property, BACM filed a
notice of protest for the 2007 tax year.  In the protest, BACM asserted that
the ad valorem tax valuation of the property was excessive.  Parkwest Place did
not pursue a protest as the new owner of the property.

Appellees Harris County Appraisal District (AAppraisal District@), through the
appraisal-review board of the Harris County Appraisal District (AReview Board@),[1]
conducted a hearing on BACM=s protest.  The Review Board determined
that the initial ad valorem valuation of the property at $1,575,169 should be
reduced to $1,455,000 for the 2007 tax year.  It is undisputed that the Review
Board issued its order to BACM.








BACM filed an original petition for judicial review on
October 15, 2007, Aby and on behalf of the property owners,@ challenging the
Review Board=s determination.  BACM continued to assert that it
owned the property.  BACM twice amended its pleadings.  In its first amended
pleading, BACM attempted to add Parkwest Place as a plaintiff in the suit for
judicial review.  In its live petition, amended and dated February 14, 2008,
BACM removed itself as a party to the suit, leaving Parkwest Place as the only
plaintiff.

The Appraisal District and the Review Board filed a plea to
the jurisdiction, contending that the trial court lacked subject-matter
jurisdiction because BACM did not own the property on January 1, 2007, and therefore
had no standing to seek judicial review.  The Appraisal District attached a
copy of the special warranty deed and BACM=s original
petition to its plea.  The trial court sustained the Appraisal District=s plea to the
jurisdiction and dismissed the suit without prejudice.

BACM and Parkwest Place now appeal the trial court=s dismissal of
their suit.  In a single multi-pronged issue, BACM and Parkwest Place assert
that the trial court erred in granting the plea to the jurisdiction. 
Specifically, they contend that the trial court had jurisdiction and that they
had standing by virtue of application of both section 42.21(e)(1) of the Texas
Tax Code, which permits a petition for judicial review to be amended, and Texas
Rule of Civil Procedure 28, which permits substitution of the true name of the
plaintiff.

II.  Standard of Review








Standing is a component of subject-matter jurisdiction that
cannot be waived.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 445B46 (Tex. 1993). 
If a party has no standing, a trial court has no subject-matter jurisdiction to
hear the case.  Id. at 444B45.  A trial court=s jurisdiction to
hear the subject matter of a dispute may be challenged by filing a plea to the
jurisdiction.  See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  A defendant may prevail on a plea to the jurisdiction by
demonstrating that, regardless of merit, an incurable jurisdictional defect
remains on the face of the pleadings that deprives the trial court of
subject-matter jurisdiction.  Harris County Appraisal Dist. v. O=Conner &
Assocs., 267 S.W.3d 413, 416 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  In determining a plea to the jurisdiction, a trial
court may consider the pleadings and any evidence pertinent to the
jurisdictional inquiry.  Bland, 34 S.W.3d at 554B55. 

We review a trial court=s ruling on a plea
to the jurisdiction de novo.  See Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004) (setting forth standard
of review for pleas to the jurisdiction).  In our review, we construe
the pleadings liberally in favor of the pleader and look to the pleader=s intent to
determine whether the facts alleged affirmatively demonstrate the trial court=s jurisdiction to
hear the cause.  See id.  In a review of a plea to the jurisdiction, we
cannot examine the merits of the case.  See Houston Indep. Sch. Dist. v.
1615 Corp., 217 S.W.3d 631, 635 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied) (op. on reh=g).  

III.  Analysis

A.      Did appellants have
standing to seek judicial review of the appraisal review board=s determination of the ad valorem
tax valuation?

Because standing is a necessary component of subject-matter
jurisdiction, as a preliminary matter, we review BACM=s and Parkwest
Place=s standing to
bring suit for judicial review.  See, e.g., Tex. Worker=s Comp. Comm=n v. Garcia, 893 S.W.2d 504,
517B18 (Tex. 1995); Tourneau
Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d 907, 909 (Tex.
App.CHouston [1st
Dist.] 2000, no pet.) (op. on reh=g).  Standing
requires a real controversy between parties that will be determined by the
judicial declaration sought.  See Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996); see also Koll Bren
Fund VI, LP & Hartman 3100 Weslayan Acquisitions v. Harris County Appraisal
Dist., No. 01-07-00321-CV, 2008 WL 525799, at *2 (Tex. App.CHouston [1st
Dist.] Feb. 28, 2008, pet. denied) (mem. op.).








The Texas Property Tax Code is comprised of chapters 31
through 43 as contained in the Texas Tax Code.  See Tex. Tax Code Ann. '' 31.01B43.04 (Vernon
2008).  Chapter 41 sets forth administrative procedures by which an aggrieved
property owner may protest tax liability of an ad valorem tax assessment by an
appraisal-review board.  See id. '' 41.41B.47 (Vernon 2008).
 Chapter 42 governs judicial review of an appraisal-review board=s resolution of
the protest.  See id. '' 42.01B.29 (Vernon
2008).  

As a general rule, only a property owner may protest tax
liability before an appraisal-review board and seek judicial review in court.  Tourneau
Houston, Inc., 24 S.W.3d at 909.  Section 42.21(a) of the Property Tax Code[2]
is set forth below:

A party who appeals as provided by this chapter must file a petition
for review with the district court within 45 days after the party received
notice that a final order has been entered from which an appeal may be had. 
Failure to timely file a petition for review bars any appeal under this
chapter.

Tex. Tax Code Ann. ' 42.21(a) (Vernon
2008).  Section 42.01 of the Tax Code specifies that a Aproperty owner is
entitled to appeal . . . an order of the appraisal review board determining . .
.  a protest by the property owner@ as provided by
sections 41.41 et seq. of the Property Tax Code.  Id. ' 42.01(1)(A). 
Alternatively, a property owner may designate a lessee or an agent to act on
the property owner=s behalf for any purpose under the
Property Tax Code, including filing a tax protest.  Id. '' 1.111 (Vernon
2008) (authorizing a designated lessee or agent to act for a property owner),
41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner
in certain circumstances); see MHCB (USA) Leasing & Fin. Corp. v.
Galveston Cent. Appraisal Dist., 249 S.W.3d 68, 78 (Tex. App.CHouston [1st
Dist.] 2007, pet. denied).








Therefore, to qualify as a Aparty who appeals@ by seeking
judicial review of an appraisal-review board=s tax
determination under section 42.21(a), BACM and Parkwest Place each had to be an
owner of the property, a designated agent of the owner, or the authorized
lessee of the property under the circumstances stated in section 41.413.  See
Tex. Tax Code Ann. '' 1.111, 42.21(a)
(providing guidelines for a Aparty who appeals@), 42.01(1)(A)
(providing that a Aproperty owner is entitled to appeal@), 41.413(b)
(authorizing a lessee to protest in some cases); MHCB (USA) Leasing &
Fin. Corp., 249 S.W.3d at 78 (providing that a party lacks standing to
protest an adverse appraisal decision if the party is not an owner, agent, or
authorized lessee); see also Koll Bren Fund VI, LP, 2008 WL 525799, at
*3.  Accordingly, the party who does not meet one of the above criteria would
lack standing under the Property Tax Code.  See MHCB (USA) Leasing &
Fin. Corp., 249 S.W.3d at 78; Tourneau Houston, Inc., 24 S.W.3d at
909;see also Koll Bren Fund, 2008 WL 525799, at *3.  If the litigants
lack standing, the trial court is deprived of subject-matter jurisdiction to
consider a suit for judicial review based on an ad valorem tax protest.  MHCB
(USA) Leasing & Fin. Corp., 249 S.W.3d at 78; see Tourneau Houston,
Inc., 24 S.W.3d at 909.

1.  BACM=s Lack of Standing
to Seek Judicial Review








In its protest to the Review Board and in its pleadings,
BACM claimed to own the property.  BACM did not claim rights to protest under
the Property Tax Code as either a lessee or an agent.  Therefore, BACM could
only assert standing under section 42.01(1)(A), which provides for the right of
a property owner to appeal an appraisal-board=s determination to
the district court by petition for review.  See Tex. Tax Code Ann. ' 42.01(1)(A); see
also Koll Bren Fund, 2008 WL 525799, at *4.  However, the record
reflects that BACM did not own the property on January 1, 2007, because BACM
conveyed the property to Parkwest Place by special warranty deed on February
28, 2006.  In its appellate brief, BACM concedes that A[a]ppellants
determined that on January 1, 2007, the actual record owner of the property was
Houston Parkwest.@  Because BACM did not own the property on
January 1, 2007, BACM was not entitled to appeal the Review Board=s determination
under section 42.01(1)(A).  See Tex.
Tax Code Ann. ' 42.01(1)(A) (providing that Aa property owner
is entitled to appeal@); Tourneau Houston, Inc., 24
S.W.3d at 909; see also Koll Bren Fund, 2008 WL 525799, at *4. 
Therefore, BACM lacked standing to pursue judicial review of the Review Board=s determination in
the district court as a Aparty who appeals@ under section
42.21(a).  See Tex. Tax Code Ann.
' 42.21(a);
Tourneau Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund,
2008 WL 525799, at *4. 

2.  Parkwest Place=s Lack of Standing
to Seek Judicial Review

The record reflects that Parkwest Place acquired the property
on February 28, 2006.  However, the record does not reflect that Parkwest Place
pursued its right of protest under Chapter 41 as either a new owner or a
property owner.  See Koll Bren Fund, 2008 WL 525799, at *4.  Rather,
BACM pursued the right of protest even though it no longer owned the property.
 See id.  On this record, it appears that Parkwest Place did not
become involved in the dispute until January 25, 2007, when BACM first amended
its petition to include Parkwest Place in the suit.  As a result, the Review
Board had not determined a protest by the actual property owner, Parkwest
Place, upon which Parkwest Place could premise a right to appeal as the
property owner.  See Tex.
Tax Code Ann. '' 42.01(1)(A), 42.21(a); see also Koll
Bren Fund, 2008 WL 525799, at *4.








The case of Koll Bren Fund VI, LP and Hartman 3100
Weslayan Acquisitions v. Harris County Appraisal District involved similar
facts.  See 2008 WL 525799, at *1.  In their appellate brief, Parkwest
Place and BACM attempt to distinguish the Koll Bren Fund case from the
case at hand, arguing that Parkwest Place Awas the owner of
the property@ and Awas the party that prosecuted the
administrative protest.@  A review of the record does not reveal whether Parkwest
Place appeared before the Review Board.  To the contrary, the record contains
the Review Board=s order that was addressed only to BACM
and its tax agent.  The record also contains the Appraisal District=s AReal Property
Account Information,@ in which the owner is listed as BACM. 
The original petition filed with the district court names BACM as the only
plaintiff and property owner.  BACM attached to its original petition an AExhibit D@ entitled ARule 194
Disclosures and Expert Designation.@  In this attached
disclosure, BACM asserted that the named plaintiff, BACM, was the correct name
of the party to the lawsuit and that A[p]laintiffs know
of no potential parties to this lawsuit.@  Similarly,
another document entitled ATrial Preparation Order or Pre-Trial Order
Information,@ filed with the original petition, proposed a finding of
fact that A[p]laintiff was the owner of the property that is the
subject matter of this lawsuit on January 1 of each of the tax years in
question.@

Remedies for adjudication of property-tax protests are
exclusive unless otherwise provided.  See Tex.
Tax Code Ann. ' 42.09 (Vernon 2008).  Failure to comply
with the procedures set forth in the Property Tax Code deprives a reviewing
court of jurisdiction to hear the dispute.  See Cameron Appraisal
Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006); see also Koll Bren Fund,
2008 WL 525799, at *4; Houston Indep. Sch. Dist. v. 1615 Corp., 217
S.W.3d 631, 637 (Tex. App.CHouston [14th Dist.] 2006, pet. denied)
(deferring to Cameron=s holding with reservations).  Parkwest
Place did not pursue its right to protest the valuation under Chapter 41, and
the Review Board did not determine any protest by Parkwest Place as the
property owner.[3] 
See Tex. Tax Code Ann. ' 41.01(a); see
also Koll Bren Fund, 2008 WL 525799, at *4.  Accordingly, Parkwest
Place had no real controversy to be determined by the judicial declaration
sought.  See Nootsie Ltd., 925 S.W.2d at 662; see also Koll Bren Fund,
2008 WL 525799, at *4.  Therefore, Parkwest Place lacked standing under
the Property Tax Code as a Aparty who appeals@ under section
42.21(a).  See Nootsie Ltd., 925 S.W.2d at 661B62; Tourneau
Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund, 2008 WL
525799, at *4. 

Because BACM and Parkwest Place each lacked standing, the
trial court lacked subject-matter jurisdiction to hear the suit.  See Tourneau
Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund, 2008 WL
525799, at *4.  We, therefore, reject BACM=s and Parkwest
Place=s argument that
they had standing.

 

 








B.      Does section 42.21(e)(1) of
the Property Tax Code operate to permit appellants to correct or change the
name of a party in the pleadings?

BACM and Parkwest Place contend that the trial court had
jurisdiction of this dispute because section 42.21(e)(1) allows amendment of a
timely filed petition Ato correct or change the name of a party.@ 

Under subsection 42.21(a), a property owner must file a
petition for review of an appraisal-review board=s determination Awithin 45 days
after the party [has] received notice that a final order has been entered from
which an appeal may be had.@  Tex.
Tax Code Ann. ' 42.21(a) (Vernon 2008).  If a party does
not appeal to the district court within forty-five days, then an
appraisal-review determination becomes final.  Cameron Appraisal Dist.,
194 S.W.3d at 502; see Tex. Tax
Code Ann. ' 42.21(a).  Under subsection 42.21(e)(1),
a petition that is timely filed in accordance with subsection 42.21(a) Amay be
subsequently amended . . . to correct or change the name of a party.@  Tex. Tax Code Ann. ' 42.21(e)(1).

Although BACM sought judicial review of the Review Board=s determination
within the 45-day time limit as specified in subsection 42.21(a), as discussed
above, BACM lacked standing and therefore was not a proper party to bring suit
under the Property Tax Code.  See Tex.
Tax Code Ann. '' 42.21(a), 42.01(1)(A); Tourneau
Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund, 2008 WL
525799, at *4.  When, as in this case, no proper party appealed to the
district court within 45 days, the trial court did not acquire subject-matter
jurisdiction, and the Review Board=s determination
became final upon the expiration of the 45 days.  See Cameron Appraisal
Dist., 194 S.W.3d at 502; Taufiq ex rel. Patrick O=Connor &
Assocs, Inc. v. Harris County Appraisal Dist., 6 S.W.3d 652, 654 (Tex. App.CHouston [14th
Dist.] 1999, no pet.); see also Koll Bren Fund, 2008 WL 525799, at *5.









BACM and Parkwest Place contend that subsection 42.21(e)(1)
operates to allow them to correct or change a party=s name in a timely
filed petition.  However, this argument presupposes that Parkwest Place is a
proper party entitled to seek judicial review.  See Koll Bren
Fund, 2008 WL 525799, at *5.  As discussed above, because Parkwest
Place did not exercise its right of protest as a property owner, Parkwest Place
was not a proper party to seek judicial review of the Review Board=s determination.  See
Tex. Tax Code Ann. ' 42.01(a); Tourneau
Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund, 2008 WL
525799, at *4.

BACM and Parkwest Place also argue that because the suit
was Abrought by and on
behalf of the property owners,@ the suit initiated by BACM encompassed
Parkwest Place as a property-owner plaintiff.  This contention also presupposes
that Parkwest Place was a proper party to seek judicial review under Chapter
42.  See Tex. Tax Code Ann.
' 42.01(a); Koll
Bren Fund, 2008 WL 525799, at *6.  Parkwest Place had no standing as a
matter of law because it failed to protest the valuation, and judicial review
of the Review Board=s determination was premised upon the
Board=s determination of
a protest by the actual property owner.  See Tex. Tax Code Ann. ' 42.01(a); Tourneau
Houston, Inc., 24 S.W.3d at 909; see also Koll Bren Fund, 2008 WL
525799, at *4.  Therefore, this argument lacks merit.

C.      Does Texas Rule of Civil
Procedure 28 permit a substitution of names?

BACM and Parkwest Place argue that the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits against individuals doing business under an assumed name, permits
substitution of a true party=s name.  Rule 28 is set forth below:

Any partnership, unincorporated association, private corporation, or
individual doing business under an assumed name may sue or be sued in its
partnership, assumed or common name for the purpose of enforcing for or against
it a substantive right, but on motion by any party or on the court=s own motion the true name may be
substituted.








Tex. R. Civ. P. 28.  According to BACM and Parkwest
Place, the name ABACM@ serves as the
common name for the property owner.  BACM and Parkwest Place assert that, as
such, the Atrue name@ of the plaintiff
enforcing substantive rights in this suit is Parkwest Place, which may be
substituted in the pleadings under Rule 28.  BACM and Parkwest Place point to
the Appraisal District=s continuous designation of BACM as the
property owner in its records as evidence of the common name.

ABefore the use of a common name is
adequate under Rule 28, there must be a showing that the named entity is in
fact doing business under that common name.@  Seidler v. Morgan,
277 S.W.3d 549, 553, 556 (Tex. App.CTexarkana 2009,
pet. denied) (concluding summary judgment was proper because there was no
evidence that the named party is a proper party to the lawsuit); Howell v.
Coca-Cola Bottling Co. of Lubbock, Inc., 595 S.W.2d 208, 212 (Tex. App.CAmarillo 1980,
writ ref=d n.r.e)
(concluding Rule 28 was not applicable because no evidence indicated that two
corporations were doing business under an assumed or common name).  Whether the entities operated under
an assumed name was a fact question for the trial court.  See Sixth RMA
Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003).  The trial
court rendered judgment for the Appraisal District.  See id.  When, as
in this case, the parties did not request findings of fact or conclusions of
law, it is implied that the trial court made all the fact findings necessary to
support its judgment.  Id.  Therefore, the implied findings include a
finding that the entities did not operate under an assumed or common name.  See
id. (concluding the trial court made all fact findings necessary to
support a determination that the entities at issue used an assumed name). 
However, implied findings may be challenged for legal sufficiency, in which
case, we consider the evidence in the light most favorable to the challenged
finding and indulge every reasonable inference that would support it.  City
of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005); see Sixth RMA
Partners, L.P., 111 S.W.3d at 52.  We must credit favorable evidence if a
reasonable factfinder could and disregard contrary evidence unless a reasonable
factfinder could not.  See City of Keller, 168 S.W.3d at 827; see
also Sixth RMA Partners, L.P., 111 S.W.3d at 52. 








There is
no evidence in the record that Parkwest Place was doing business as BACM or
that the
entities, themselves, used the name BACM as an assumed or common name to
warrant application of Rule 28.[4]  See Sixth RMA
Partners, L.P., 111 S.W.3d at 52B53 (involving a
party who presented Asignificant amount of evidence@ that it used an
assumed name); Seidler, 277 S.W.3d at 553, 555; c.f. CA
Partners v. Spears, 274 S.W.3d 51, 69 (Tex. App.CHouston [14th
Dist.] 2008, pet. denied) (concluding that trial testimony supported the trial
court=s finding that the
individual owner of a sole proprietorship operated under an assumed name so
that Rule 28 permitted substitution of the true party=s name).  Although
BACM and Parkwest Place point to the Appraisal Board=s own records that
reflect BACM as the property owner, if an entity regularly conducts business under an assumed
name, the Texas Business and Commerce Code requires the entity to file a
certificate with the assumed name and information about the business.  See Tex. Bus. & Com. Code Ann. '' 71.051, 71.052 (Vernon 2009); Seidler,
277 S.W.3d at 555 n.3; see also Tourneau Houston, Inc., 24 S.W.3d at 909 (rejecting same argument on similar grounds involving
an entity=s failure to comply with statutory requirements for operating as an agent
for another entity).  The special warranty deed reflects that BACM sold the
subject property to Parkwest Place.  On this record, the evidence is
insufficient to support a determination that the entities operated under an
assumed name to warrant application of Rule 28.  See, e.g., Sixth RMA
Partners, L.P., 111 S.W.3d at 52B53 (involving a
party who presented Asignificant amount of evidence@ that it used an
assumed name); Seidler, 277 S.W.3d at 553, 555; c.f. CA
Partners, 274 S.W.3d at 69 (concluding that evidence was sufficient to
support conclusion that parties operated under an assumed name to warrant
substitution of the true name under Rule 28).  This argument, therefore, lacks
merit.

 

 








IV.  Conclusion

BACM and Parkwest Place lacked standing to
bring suit, and therefore the trial court lacked subject-matter jurisdiction to
hear the dispute.  Because neither appellant was a proper party entitled to
judicial review as contemplated by the Property Tax Code, section 42.21(e)(1)
of the Property Tax Code and Texas Rule of Civil Procedure 28 do not apply to
change the name of the property-owner plaintiff in the pleadings.  Therefore,
the trial court did not err in granting the Appraisal District=s plea to the
jurisdiction.  BACM and Parkwest Place=s sole issue is
overruled, and the trial court=s judgment is affirmed.

 

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

 

 

 

Panel consists of
Chief Justice Hedges, and Justices Yates and Frost.

 

 









[1]  BACM=s and Parkwest
Place=s live pleadings and notice of appeal identify both
the Appraisal District and the Review Board as defendants/appellees.  The
record in this case does not reflect that the Review Board was ever served or
appeared in the trial court.  An appraisal-review board is not a necessary
party to a suit for judicial review filed by a property owner under the
circumstances of this case.  See Tex. Tax Code Ann. ' 42.21(b) (Vernon 2008); see Koll Bren Fund VI, LP
& Hartman 3100 Weslayan Acquisitions v. Harris County Appraisal Dist.,
No. 01-07-00321-CV, 2008 WL 525799, at *1 n.1 (Tex. App.CHouston [1st Dist.] Feb. 28, 2008, pet. denied) (mem.
op.); cf. Poly-Am., Inc. v. Dallas County Appraisal Dist., 704 S.W.2d
936, 937B38 (Tex. App.CWaco
1986, no writ).  Because the Review Board is not a necessary party and because
the record does not reflect that the Review Board appeared in the trial court
below, we conclude that the Appraisal District is the only appellee properly
before this court.  See Koll Bren Fund VI, LP, 2008 WL 525799, at
*1 n.1. 





[2]  Unless otherwise specified, all references to a Asection@
are to the Texas Property Tax Code.





[3]  Likewise, as with BACM, Parkwest Place did not assert any right to
protest as a lessee or an agent.





[4]  BACM and Parkwest Place point to the case of Chilkewitz v. Hoyson,
22 S.W.3d 825 (Tex. 1999), for support.  That case is factually distinguishable
from the case at hand because there is no evidence in the record that BACM and
Parkwest Place operated under the common name of BACM.  See id.
at 829 (involving evidence that a doctor and his professional association
shared letterhead and appeared in the same phonebook listing).