**TOURNEAU HOUSTON, INC., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 01–99–00550–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 2000.

Gilbert D Davila, Austin, Tx, for appellant.

Mario L. Dell'Osso, Houston, TX, for appellee.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION ON REHEARING

COHEN, J.

We deny appellant Tourneau Houston, Inc.'s motion for rehearing, but we withdraw our opinion of April 20, 2000 and issue this one in its stead.

This is a property tax valuation case brought pursuant to Chapter 42 of the Texas Property Tax Code. Tourneau Houston, Inc. sued, challenging Harris County Appraisal District's (HCAD) appraisal of business personal property for tax year 1997. The district court dismissed for lack of jurisdiction because Tourneau Houston, Inc. did not own the property. We affirm.

### Facts

The taxed property is owned by Tourneau, Inc. The appellant, Tourneau Houston, Inc., is a wholly owned subsidiary of Tourneau, Inc. All of HCAD's relevant records identify Tourneau Houston, Inc. as the owner, even though it is not.

HCAD sent Tourneau Houston, Inc. a notice of appraised value for 1997 stating that if any information in the notice was wrong, Tourneau Houston, Inc. should contact HCAD immediately. Tourneau Houston, Inc. never notified HCAD it did not own the property.

Tourneau Houston, Inc. protested the valuation in its own name unsuccessfully before the Harris County Appraisal Review Board (ARB). Tourneau Houston, Inc. then brought this suit in its own name to review the ARB's order. In the lawsuit, Tourneau Houston, Inc. alleged it owned the property. When HCAD learned that

was false, it moved to dismiss for lack of jurisdiction because Tourneau Houston, Inc., not being a "property owner" as required in section 42.01 of the Tax Code, had no standing to sue.

Tourneau Houston, Inc. responded that (1) it had standing as the agent of Tourneau, Inc., pursuant to Tax Code section 1.111(a), and (2) HCAD's documents and behavior made it apparent that Tourneau Houston, Inc. was the owner's designated agent. The district court dismissed for want of jurisdiction.

At oral argument, Tourneau Houston, Inc. waived all claims regarding unequal appraisal and taxation of its fixed assets. *See Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 550 (Tex.App.—Dallas 1997, writ denied) (appellate court may refuse to consider an issue conceded by a party at oral argument).

### Analysis

■ In the first point of error, Tourneau Houston, Inc. contends it had standing as Tourneau, Inc.'s designated agent under Tax Code section 1.111(a), which provides:

A property owner may designate a lessee or other person to act as the agent of the owner for any purpose under this title in connection with the property or the property owner.

Tex. Tax Code Ann. § 1.111(a) (Vernon Supp.2000).

As a general rule, only an owner may protest before the ARB and sue in court for relief:

Tax Code sections 42.01 (standing to sue), 42.21 (pleadings), 42 .25 and 42.26 (relief authorized), all **require that the plaintiff be the property owner** in order to sue or obtain relief in a tax appeal. The **property owner is the only party,** other than the chief appraiser, with standing to appeal from an Appraisal Review Board's order determining protest.... Without exception, Texas cases have ... required the

plaintiff to be the **owner of the legal title** to the property made the subject of a property tax appeal.

*Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16 (Tex. App.—Tyler 1995, writ denied) (emphasis added); *see also* Tex. Tax Code Ann. §§ 6.41, 41.41 (Vernon Supp.2000) (owner may protest to ARB). The court in *Gregg County* rejected arguments similar to those made by Tourneau Houston, Inc.:

In Texas, for the purpose of legal proceedings, subsidiary corporations and parent corporations are separate and distinct 'persons' as a matter of law....

Since the property owner failed to timely file its petition appealing the review board's order, the trial court has no jurisdiction to review the decision....

*Id.* at 17.

■ It does not matter that Tourneau Houston, Inc. may have been, in fact, the owner's agent to protest taxes. The Tax Code requires that designation of agency be in writing. *See* Tex. Tax Code Ann. § 1.111(b) (Vernon Supp.2000). None is in the record. In addition, designations of agency must be filed with the appraisal district to be effective. *Harris County Appraisal Dist. v. Coastal Liquids Transp., L.P.*, 7 S.W.3d 183, 189 (Tex. App.—Houston [1st Dist.] 1999, pet. filed). None was filed.

Because it is undisputed that Tourneau Houston, Inc. was not the owner, was never designated in writing to be the owner's agent, and no such designation was ever filed with HCAD, the trial court did not have jurisdiction to hear its claims because Tourneau Houston, Inc. had no standing.

■ Tourneau Houston, Inc. contends that HCAD's continuous designation of it as the entity responsible for the taxes established HCAD's recognition of Tourneau Houston, Inc. as the agent of Tourneau, Inc. We disagree. HCAD cannot designate an agent for Tourneau, Inc. Only the owner, Tourneau, Inc., can do that.

TEX. TAX CODE ANN. § 1.111(b) (Vernon Supp.2000). Tourneau, Inc. never did so.

We overrule Tourneau Houston, Inc.'s first point of error.

■ In the second point of error, Tourneau Houston, Inc. contends that Tax Code section 42.21(e) would allow it to amend its petition to list the owner, Tourneau, Inc., as plaintiff. We disagree.

Section 42.21(e) provides:

(e) A petition that is timely filed under Subsection (a) or amended under Subsection (c) may be subsequently amended to:

(1) correct or change the name of a party; or

(2) not later than the 120th day before the date of the trial, identify or describe the property originally involved in the appeal.

TEX. TAX CODE ANN. § 42.21(e) (Vernon Supp.2000). This amendment did not take effect, however, until June 18, 1999, which was long after this case was disposed of by the trial court and after Tourneau Houston, Inc. filed its notice of appeal on May 19, 1999. *See* Act of June 18, 1999, 76th Leg., R.S., ch. 1113, §§ 2, 3, 1999 Tex.Gen. Laws 3985. Tourneau Houston, Inc. seeks to apply section 42.21(e) retroactively, but it cites no authority that its pleadings can be amended after the trial court's plenary jurisdiction has expired.

■ We agree with Tourneau Houston, Inc. that section 42.21(e) is procedural in nature and that "when a procedural statute is amended during pending litigation, all steps occurring after the amendment is effective are governed by the amended statute." *Resolution Trust Corp. v. Williamson County Appraisal Dist.,* 816 S.W.2d 452, 454 (Tex.App.—Texarkana 1991, writ denied). As a general rule, such an amendment applies to pending litigation, but only to the extent that subsequent steps may be taken under the amendment. *See Brooks v. Texas Employers Ins. Ass'n,* 358 S.W.2d 412, 414 (Tex.Civ.App.—Houston 1962, writ ref'd

n.r.e.). In this case, however, there are no procedural steps to be taken under the amendment because the trial court's plenary jurisdiction has expired. Tourneau Houston, Inc. asks that we allow it now, on appeal, to add its parent corporation as a new plaintiff and remand the cause for a trial of the new plaintiff's claims. Although House Bill 3616 provides that it will "apply to any proceeding that is pending under Chapter 42, Tax Code, on the effective date of this Act ...," Tourneau Houston, Inc. cites no authority that would allow amendment of trial court pleadings to add new parties after the trial court has lost plenary jurisdiction and the case is on appeal. We decline to so hold.

We overrule the second point of error.

In its third point of error, Tourneau Houston, Inc. contends "judicial economy mandates that this case proceed to trial on the merits, rather than requiring Tourneau, Inc. to have the appraisal roll corrected and to commence the administrative process from the beginning, as would be its right." Tourneau Houston, Inc. admits it has brought a pending suit in the district court for that very relief. In light of that fact and of our holding herein, we overrule the third point of error.

In its supplemental point of error, Tourneau Houston, Inc. contends that HCAD is estopped from asserting that Tourneau Houston, Inc. is not the agent of Tourneau, Inc.

■ No one is ever estopped from asserting lack of subject matter jurisdiction. Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding. *Federal Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943); *see also In re Powers,* 974 S.W.2d 867, 871 (Tex.App.—Houston [14th Dist.] 1998, no pet.). In addition, estoppel does not apply against a state agency or subdivision, like an appraisal district. *Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.,* 905 S.W.2d 318, 322 (Tex.App.—Dallas 1995,

writ denied); TEX. TAX CODE ANN. § 6.01(c) (Vernon 1992) ("An appraisal district is a political subdivision of the state.").

We overrule the supplemental point of error.

We affirm the judgment.