Affirmed and Memorandum Opinion filed December 22, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00507-CV

_______________

 

SKYLANE WEST LTD., HOUSTON SKYLANE ONE LLC A/K/A
SKYLANE WEST LTD., AND SKYLANE WEST APARTMENTS, AS THE PROPERTY OWNERS AND THE
PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

                                                                                                                                             


On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2007-52209

                                                                                                                                             


 

M E M O R A N D U M  O P I N I O N

In this ad valorem property-tax case, appellants, Skylane
West Ltd., Houston Skylane One LLC a/k/a Skylane West Ltd., and Skylane West
Apartments, As The Property Owners and The Property Owners, appeal the trial
court=s order granting the plea to the
jurisdiction filed by appellee, Harris County Appraisal District (AHCAD@), and dismissing appellants= suit without prejudice.  We affirm.








I.  Background

Skylane West Ltd. protested HCAD=s appraisal of the value of certain
property for tax year 2007.  The Appraisal Review Board of Harris County
Appraisal District (Athe Board@) issued an order, determining the appraisal was incorrect
and reducing the value.  Skylane West Ltd. sued HCAD to appeal the Board=s order, claiming, among other
contentions, that the property was excessively and unequally appraised. 
Skylane West Ltd.=s name on the petition was followed by the language, Aas the Property Owners and the
Property Owners.@ Although Skylane West Ltd. filed the protest and subsequent
suit for judicial review, it had conveyed the property to Houston Skylane One
LLC in 2004.  Subsequently, a first amended petition was filed listing both
Skylane West Ltd. and Houston Skylane One LLC as plaintiffs.

HCAD then filed a plea to the jurisdiction, asserting both
plaintiffs lacked standing to sue because Skylane West Ltd. was not the
property owner and Houston Skylane One LLC, the true property owner, did not
file a protest from which to seek judicial review. Appellants filed a document
containing their response to the plea to the jurisdiction and a motion to
substitute the Atrue name of the Plaintiffs@ pursuant to Texas Rule of Civil
Procedure 28.  On the same day, appellants filed a second amended petition,
also referencing substitution under Rule 28 and listing Skylane West Ltd.,
Houston Skylane One LLC a/k/a Skylane West Ltd., and Skylane West Apartments as
plaintiffs.  In both amended petitions, again, the plaintiffs= names were followed by the language,
Aas the Property Owners and the
Property Owners.@  On May 19, 2008, the trial court signed an AOrder of Dismissal,@ granting the plea to the
jurisdiction and dismissing the suit without prejudice for want of
jurisdiction.[1] 








II.  Analysis

In their sole issue, appellants contend the trial court erred
by granting HCAD=s plea to the jurisdiction because they had standing to file
suit. 

A.        Standard of Review

As a component of subject-matter jurisdiction, standing
cannot be waived.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445B46 (Tex. 1993).  If a party has no
standing, a trial court lacks subject-matter jurisdiction to hear the case.  Id.
at 444B45.  A trial court=s subject-matter jurisdiction may be
challenged by filing a plea to the jurisdiction.  See Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  A defendant may prevail on
a plea to the jurisdiction by demonstrating that, regardless of merit, an
incurable jurisdictional defect remains on the face of the pleadings which
deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O=Conner & Assocs., 267 S.W.3d 413, 416 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
In determining a plea to the jurisdiction, a trial court may consider the
pleadings and any evidence pertinent to the jurisdictional inquiry.  Bland
Indep. Sch. Dist., 34 S.W.3d at 554B55. 

We review a trial court=s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
We construe the pleadings liberally in favor of the pleader and look to the
pleader=s intent to determine whether the
facts alleged affirmatively demonstrate the trial court=s jurisdiction to hear the cause.  See
id. 

B.        Lack of Standing








Chapter 41 of the Texas Property Tax Code prescribes
administrative procedures through which a property owner may protest an ad
valorem tax assessment by an appraisal district.  See Tex. Tax Code Ann.
'' 41.41B.71 (Vernon 2008 & Supp. 2009). 
Chapter 42 governs judicial review of an appraisal review board=s resolution of the protest.  See
Tex. Tax Code Ann. '' 42.01B.29 (Vernon 2008 & Supp. 2009).  To appeal a
determination by the Board, a party is required to file a petition for judicial
review with the district court within certain time limits.  Tex. Tax Code Ann. ' 42.21(a).  If a party does not
timely appeal to the district court, the Board=s determination becomes final and any
appeal is barred.  See id; BACM 2002 PB2 Westpark Dr. LP v. Harris
County Appraisal Dist., 14-08-00493-CV, 2009 WL 2145922, at *5 (Tex. App.CHouston [14th Dist.] Jun 21, 2009, no
pet. h.) (mem op.) (citing Cameron Appraisal Dist. v. Rourk, 194
S.W.3d 501, 502 (Tex. 2006)).

As a general rule, only a property owner may protest tax
liability before an appraisal-review board and seek judicial review of its
determination.  BACM 2002 PB2 Westpark Dr. LP, 2009 WL 2145922, at *3
(citing Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.CHouston [1st Dist.] 2000, no pet.)); see Tex. Tax Code
Ann. ' 41.41(a) (providing Aproperty owner@ is entitled to protest before an
appraisal review board certain actions, including determination of the
appraised value, or unequal appraisal, of the owner=s property); ' 42.01(1)(A) (stating Aproperty owner@ is entitled to appeal via judicial
review an order of the appraisal review board determining a protest by the
property owner).  Alternatively, a property owner may designate an agent to act
on the property owner=s behalf for any purpose under the Property Tax Code, including
filing a tax protest; Tex. Tax Code Ann. '1.111 (Vernon Supp. 2009); or a
lessee may protest on behalf of the property owner in certain circumstances.  See
id. ' 41.413.








In this case, the record reflects that Skylane West Ltd. was
the only entity who filed a protest before the Board and timely appealed the
Board=s determination.[2] 
As HCAD proved relative to its plea to the jurisdiction, and appellants
acknowledge, Skylane West Ltd. was no longer the property owner as of the tax
year at issue because it had previously conveyed the property to Houston
Skylane One LLC.  Additionally, in their petition, appellants did not allege
Skylane West Ltd. had a right to protest as agent or lessee of the property
owner.  Accordingly, Skylane West Ltd. lacked standing to protest before the
Board or appeal its determination of the protest.  See BACM 2002 PB2
Westpark Dr. LP, 2009 WL 2145922, at *3 (holding that party who had
divested itself of property before relevant tax year and did not claim right to
protest as agent or lessee lacked standing to pursue appeal from Board=s determination of protest filed by
the party); see also KM-Timbercreek, LLC v. Harris County
Appraisal Dist., No. 01-08-00689-CV, ___ S.W.3d ___, 2009 WL 3321332, at *3
(Tex. App.CHouston [1st Dist.] Oct. 15, 2009, no pet. h.) (holding that party who no
longer owned property as of tax year at issue and did not claim to be agent or
lessee of owner lacked standing to protest before appraisal review board or
seek judicial review of its determination).








As HCAD also proved and appellants acknowledge, Houston
Skylane One LLC acquired the property before the relevant tax year.  However,
the record reflects that Houston Skylane One LLC did not file a protest;
instead, it first became involved in this dispute when named as a party in
appellants= first amended petition.  Remedies for adjudication of property-tax
protests are exclusive unless otherwise provided.  See Tex. Tax Code
Ann. ' 42.09.  A party=s failure to comply with the
procedures set forth in the Property Tax Code deprives a reviewing court of
jurisdiction to hear the dispute.  See BACM 2002 PB2 Westpark Dr. LP,
2009 WL 2145922, at *4 (citing Cameron Appraisal Dist., 194 S.W.3d at 502). 
Because Houston Skylane One LLC did not exercise its right to protest and the
Board did not determine any protest by Houston Skylane One LLC, it lacked
standing to appeal the Board=s determination.  See id. at *4 (holding
property owner who acquired property before relevant tax year but did not file
protest lacked standing to appeal Board=s determination); KM-Timbercreek,
LLC, 2009 WL 3321332, at *4 (same).

Appellants contend they nonetheless have standing to appeal
the Board=s determination by virtue of Property Tax Code section 42.21(e)(1) or
Texas Rule of Civil Procedure 28.

1.         Property Tax Code Section 42.21(e)(1) 

Section 42.21(e)(1) provides in pertinent part that a
timely-filed petition for judicial review may be subsequently amended to Acorrect or change the name of a
party.@  Tex. Tax Code Ann. ' 42.21(e)(1).  Citing this provision,
appellants contend that their amendment of the petition to reflect the correct
property owner as Houston Skylane One LLC conferred subject-matter jurisdiction
on the trial court.  However, this argument presupposes that Houston Skylane
One LLC was a party entitled to seek judicial review.  As discussed above,
because Houston Skylane One LLC did not exercise its right of protest as a
property owner and the Board did not determine any protest by this entity, it
was not a proper party to seek judicial review of the Board=s determination.  Accordingly,
Houston Skylane One LLC lacked standing to appeal the Board=s determination irrespective of any
application of section 42.21(e)(1).  See BACM 2002 PB2 Westpark Dr. LP,
2009 WL 2145922, at *5 (rejecting identical argument by property owner who,
citing section 42.21(e)(1), claimed standing to appeal Board=s determination because it was added
as party in amended pleading although it did not file protest).








Appellant also suggest that the suit filed by Skylane West
Ltd. encompassed Houston Skylane One LLC as a plaintiff because it was Abrought by and on behalf of the
property owners.@  Again, this contention presupposes that Houston Skylane One
LLC was a proper party to seek judicial review.  Bringing suit Aby and on behalf of the property
owner@ did not remedy the jurisdictional
defect created by the fact that the actual property owner, Houston Skylane One
LLC, did not file a protest.  See id. (also rejecting identical
argument).

2.         Texas Rule of Civil Procedure 28

Appellants also argue the trial court had jurisdiction
because Houston Skylane One LLC was allowed to substitute as a party under Rule
28, which provides:

Any partnership,
unincorporated association, private corporation, or individual doing business
under an assumed name may sue or be sued in its partnership, assumed or common
name for the purpose of enforcing for or against it a substantive right, but on
motion by any party or on the court=s own motion the true name may be
substituted.

Tex. R. Civ. P. 28.

According to appellants, ASkylane West Ltd.@ serves as the common name for the
property owner, Houston Skylane One LLC.  Appellants apparently claim Houston
Skylane One LLC exhausted its administrative remedies and timely appealed the
Board=s determination by filing a protest
and a subsequent petition for review under its assumed name of ASkylane West Ltd.@; thus, Houston Skylane One LLC may
be substituted for Skylane West Ltd. in the pleadings under Rule 28.[3]








However, before use of a common name is adequate to justify
substitution under Rule 28, a party must show it was in fact doing business
under that common name.  See BACM 2002 PB2 Westpark Dr. LP, 2009 WL
2145922, at *6 (citing Seidler v. Morgan, 277 S.W.3d 549, 553, 556 (Tex.
App.CTexarkana 2009, pet. denied); Howell
v. Coca-Cola Bottling Co. of Lubbock, Inc., 595 S.W.2d 208, 212 (Tex. App.CAmarillo 1980, writ ref=d n.r.e)).  There is no evidence in
the record that Houston Skylane One LLC was doing business as ASkylane West Ltd.@  Appellants contend HCAD=s own records reflected Skylane West
Ltd. as the property owner.  However, the appropriate inquiry is not whether
HCAD referred to, or addressed, an entity by a particular name, but whether the
entity actually did business under the common name.  See Tex. R. Civ. P.
28; KM-Timbercreek, LLC, 2009 WL 3321332, at *6.  There is no evidence
Houston Skylane One LLC held itself out as ASkylane West Ltd.@ or requested that HCAD refer to it
by that name in the appraisal records.  HCAD, by its actions alone, could not
decide that Houston Skylane One LLC did business under the common name of ASkylane West Ltd.@; only Houston Skylane One LLC could
establish that it would operate its business under an assumed or common name.  See
KM-Timbercreek, LLC, 2009 WL 3321332, at *6B7 (rejecting argument that HCAD=s reference to an entity as property
owner in its records relative to protest constituted evidence true property
owner was doing business under assumed name of that entity).  

Therefore, there is no evidence to warrant application of
Rule 28.  Cf., e.g., Sixth RMA Partners, L.P. v. Sibley, 111
S.W.3d 46, 52B53 (Tex. 2003) (involving party who presented Asignificant amount of evidence@ it used assumed name). 
Consequently, appellants= argument that Houston Skylane One LLC had standing pursuant
to substitution under Rule 28 lacks merit.  See BACM 2002 PB2 Westpark Dr.
LP, 2009 WL 2145922, at *6B7 (rejecting identical argument by property owner that it
could establish jurisdiction by substituting under Rule 28 for entity who filed
protest and subsequent petition for judicial review because there was no
evidence property owner was doing business under the name of the other entity).









Finally, in their brief, appellants do not present any
argument specific to Skylane West Apartments although it was named as a
plaintiff in the live petition and as an appellant in the notice of appeal and
brief.  Nevertheless, to the extent appellants challenge dismissal of this
entity=s suit, it lacked standing to sue
because it did not allege it ever owned the property.[4]

III.  Conclusion

In sum, the trial court properly concluded it lacked
subject-matter jurisdiction over the claims of all appellants.  Accordingly, we
overrule appellants= sole issue and affirm the trial court=s Order of Dismissal.

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Justices Seymore, Brown, and Sullivan.









[1]  In their live petition and notice of appeal,
appellants also named the Board as a defendant and an appellee.  Because the
record does not reflect that the Board appeared in the suit and it was not a
necessary party under the circumstances of this case, we consider HCAD as the
only appellee properly before this court.  See BACM 2002 PB2 Westpark Dr. LP
v. Harris County Appraisal Dist., 14-08-00493-CV, 2009 WL 2145922, at *1
n.1 (Tex. App.CHouston [14th Dist.] Jun 21, 2009, no pet. h.) (mem
op.) (concluding HCAD was the only appellee properly before our court under
identical circumstances).





[2]  Under the law in effect when appellants filed suit,
a party was required to Afile a petition for judicial review with the district
court within 45 days after the party received notice that a final order has
been entered from which an appeal may be had.@  Act of May 26, 1979, 66th Leg., R.S., ch. 841, 1979 Tex. Gen. Laws
2217, 2311 (amended 2009) (current version at Tex. Tax Code Ann. ' 42.21(a) (Vernon Supp. 2009)).  Section 42.21(a) was
recently amended to change the filing deadline to sixty days.  See Tex.
Tax Code Ann. ' 42.21(a).  The amendment is applicable to any appeals
pending as of the effective date of the bill.  See id.  This
change in law does not affect the disposition of this case; under either
deadline, Skylane West Ltd. timely filed its appeal, but Houston Skylane One
LLC did not.





[3]  Although appellants mention Asubstitution,@
the live petition still listed both Skylane West Ltd. and Houston Skylane One,
LLC a/k/a Skylane West Ltd. as plaintiffs, and both entities seem to challenge
the trial court=s order.  Nonetheless, we will consider the argument
that Houston Skylane One LLC had standing to sue because it filed a protest and
initially brought suit under its assumed name of ASkylane West Ltd.@





[4]  HCAD=s plea to the
jurisdiction was filed before Skylane West Apartments was added as a plaintiff
and thus addressed the standing of only Skylane West Ltd. and Houston Skylane
One LLC.  However, the trial court properly dismissed Skylane West Apartments= suit because the trial court could consider lack of
subject-matter jurisdiction, even sua sponte, at any time, and the amended
petition was insufficient to show standing to sue.  See Tex. Ass=n of Bus.,
852 S.W.2d at 445B46.