Affirmed and Memorandum Opinion filed December 22, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00549-CV

_______________

 

DL LOUETTA VILLAGE SQUARE LP AND JL LOUETTA VILLAGE
SQUARE LP A/K/A NOMURA CREDIT & CAPITAL INC., AND NOMURA CREDIT & CAPITAL
INC., AS THE PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

                                                                                                                                   
          

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2007-53175

                                                                                                                                             


 

M E M O R
A N D U M  O P I N I O N

In this ad valorem property-tax case, DL Louetta Village
Square LP and JL Louetta Village Square LP a/k/a Nomura Credit & Capital
Inc., and Nomura Credit & Capital Inc., As The Property Owners and The
Property Owners, appeal the trial court=s order granting the plea to the
jurisdiction filed by appellee, Harris County Appraisal District (AHCAD@), and dismissing appellants= suit without prejudice.  We affirm.








I.  Background

Nomura Credit & Capital Inc. (ANomura@) protested HCAD=s appraisal of the value of certain
property for tax year 2007.  The Appraisal Review Board of Harris County
Appraisal District (Athe Board@) issued an order, determining the appraisal was incorrect
and reducing the value.  Nomura sued HCAD to appeal the Board=s order, claiming, among other
contentions, that the property was excessively and unequally appraised.  Nomura=s name on the petition was followed
by the language, Aas the property owners and the property owners.@  Although Nomura filed the protest
and subsequent suit for judicial review, it was not the owner of the property
as of January 1, 2007.  Therefore, HCAD filed a plea to the jurisdiction,
asserting Nomura lacked standing to file suit. 








Subsequently, a first amended petition was filed, adding DL
Louetta Village Square LP and  JL Louetta Village Square LP a/k/a Nomura Credit
& Capital Inc. (collectively Athe Louetta parties@) as plaintiffs and again naming
Nomura as a plaintiff.[1]  Again, these
names were followed by the language, Aas the property owners and the
property owners.@  These plaintiffs all filed a document containing their
response to the plea to the jurisdiction and a motion to substitute the Atrue name of the Plaintiffs@ pursuant to Texas Rule of Civil
Procedure 28.  HCAD filed a reply and supplemental reply to this document,
asserting the trial court also lacked jurisdiction over the Loretta parties= claims.[2] 
On May 29, 2008, the trial court signed an AOrder of Dismissal,@ granting the plea to the
jurisdiction and dismissing the suit without prejudice for want of
jurisdiction.[3]

II.  Analysis

In their sole issue, appellants contend the trial court erred
by granting HCAD=s plea to the jurisdiction.[4]


A.        Standard of Review

Subject-matter jurisdiction, including standing, cannot be
waived.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445B46 (Tex.1993).  If a party has no
standing, a trial court lacks subject-matter jurisdiction to hear the case.  Id.
at 444B45.  A trial court=s subject-matter jurisdiction may be
challenged by filing a plea to the jurisdiction.  See Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  A defendant may prevail on
a plea to the jurisdiction by demonstrating that, regardless of merit, an
incurable jurisdictional defect remains on the face of the pleadings which
deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O=Conner & Assocs., 267 S.W.3d 413, 416 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
In determining a plea to the jurisdiction, a trial court may consider the
pleadings and any evidence pertinent to the jurisdictional inquiry.  Bland
Indep. Sch. Dist., 34 S.W.3d at 554B55.








We review a trial court=s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
We construe the pleadings liberally in favor of the pleader and look to the
pleader=s intent to determine whether the
facts alleged affirmatively demonstrate the trial court=s jurisdiction to hear the cause.  See
id.

B.        Lack of Standing

Chapter 41 of the Texas Property Tax Code prescribes
administrative procedures through which a property owner may protest an ad
valorem tax assessment by an appraisal district.  See Tex. Tax Code Ann.
'' 41.41B.71 (Vernon 2008 & Supp. 2009). 
Chapter 42 governs judicial review of an appraisal review board=s resolution of the protest.  See
Tex. Tax Code Ann. '' 42.01B.29 (Vernon 2008 & Supp. 2009).  To appeal a
determination of a board, a party must file a petition for judicial review with
the district court within certain time limits.  Tex. Tax Code Ann. ' 42.21(a).  If a party does not
timely appeal to the district court, a board=s determination becomes final and any
appeal is barred.  See id; BACM 2002 PB2 Westpark Dr. LP v. Harris
County Appraisal Dist., 14-08-00493-CV, 2009 WL 2145922, at *5 (Tex. App.CHouston [14th Dist.] June 21, 2009,
no pet. h.) (mem op.) (citing Cameron Appraisal Dist. v. Rourk,
194 S.W.3d 501, 502 (Tex. 2006)).








As a general rule, only a property owner may protest tax
liability before an appraisal-review board and seek judicial review of its
determination.  BACM 2002 PB2 Westpark Dr. LP, 2009 WL 2145922, at *3
(citing Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.CHouston [1st Dist.] 2000, no pet.)); see Tex. Tax Code
Ann. ' 41.41(a) (providing Aproperty owner@ is entitled to protest before an
appraisal review board certain actions, including determination of the
appraised value, or unequal appraisal, of the owner=s property); ' 42.01(1)(A) (stating  Aproperty owner@ is entitled to appeal via judicial
review an order of the appraisal review board determining a protest by the
property owner).  Alternatively, a property owner may designate an agent to act
on the property owner=s behalf for any purpose under the Property Tax Code,
including filing a tax protest; Tex. Tax Code Ann. '1.111 (Vernon Supp. 2009); or a
lessee may protest on behalf of the property owner in certain circumstances.  See
id. ' 41.413.

In this case, the record reflects Nomura was the only entity
who filed a protest before the Board and timely appealed its determination.[5] 
However, the evidence presented relative to the plea to the jurisdiction
reflects, and appellants acknowledge, Nomura was not the property owner as of
January 1, 2007.  Instead, a warranty deed shows that, in 2005, an entity named
ALouetta Village Square, L.P.@ conveyed an 81% interest in the
property to ADL Louetta Village, LLC@ and a 19% interest to AJL Louetta Village, LLC,@ and Nomura was the lender for the
purchase.  Additionally, in their petition, appellants did not allege Nomura
had a right to protest as agent or lessee of the property owner.  Accordingly,
Nomura lacked standing to protest before the Board or appeal its determination
of the protest.  See BACM 2002 PB2 Westpark Dr. LP, 2009 WL
2145922, at *3 (holding that party who had divested itself of property before
relevant tax year and did not claim right to protest as agent or lessee lacked
standing to pursue appeal from Board=s determination of protest filed by
the party); see also KM-Timbercreek, LLC v. Harris County
Appraisal Dist., No. 01-08-00689-CV, ___ S.W.3d ___, 2009 WL 3321332, at *3
(Tex. App.CHouston [1st Dist.] Oct. 15, 2009, no pet. h.) (holding that party who no
longer owned property as of tax year at issue and did not claim to be agent or
lessee of owner lacked standing to protest before appraisal review board or
seek judicial review of its determination).








In their live petition, appellants seemed to allege that the
Louetta parties owned the property for the tax year at issue.[6] 
HCAD contends the trial court nevertheless lacked jurisdiction over the Louetta
parties= claims because they did not timely
file a petition for review of the Board=s determination.  Because the only
party who timely filed a petition for review, Nomura, lacked standing to sue,
HCAD contends the trial court never acquired jurisdiction over the suit.  HCAD
further argues the Louetta parties could not confer jurisdiction on the trial
court by their untimely attempt to join the suit. 

Appellants contend the Louetta parties may nonetheless appeal
the Board=s determination by virtue of Property Tax Code section 42.21(e)(1) or Texas
Rule of Civil Procedure 28. 

1.         Property Tax Code Section 42.21(e)(1) 

Section 42.21(e)(1) provides in pertinent part that a
timely-filed petition for judicial review may be subsequently amended to Acorrect or change the name of a
party.@  Tex. Tax Code Ann. ' 42.21(e)(1).  Citing this provision,
appellants contend their amendment of the petition to reflect the Louetta
parties as the correct property owners conferred jurisdiction on the trial
court. 








However, appellants= argument presupposes the Louetta
parties were entitled to seek judicial review.  Remedies for adjudication of
property-tax protests are exclusive unless otherwise provided.  See Tex.
Tax Code Ann. ' 42.09.  A party=s failure to comply with the procedures set forth in the
Property Tax Code deprives a reviewing court of jurisdiction to hear the
dispute.  See BACM 2002 PB2 Westpark Dr. LP, 2009 WL 2145922, at
*4 (citing Cameron Appraisal Dist., 194 S.W.3d at 502).  The order
determining protest, which was attached to appellants= petition, reflects the Louetta
parties did not exercise any right to protest and the Board did not determine
any protest by these parties.  Therefore, the Louetta parties lacked standing
to appeal the Board=s determination irrespective of any application of section
42.21(e)(1).  See id. at *4B5 (rejecting identical argument by
property owner who, citing section 42.21(e)(1), claimed standing to appeal
Board=s determination because it was added
as party in amended pleading although it did not file protest); see also
KM-Timbercreek, LLC, 2009 WL 3321332, at *4.

Appellants also suggest that the suit filed by Nomura
encompassed the Louetta parties as plaintiffs because it was Abrought by and on behalf of the
property owners.@  Again, this contention presupposes the Louetta parties were
proper parties to seek judicial review.  Bringing suit Aby and on behalf of the property
owner@ did not remedy the jurisdictional
defect created by the fact that the Louetta parties did not file a protest.  See
BACM 2002 PB2 Westpark Dr. LP, 2009 WL 2145922, at *5 (also rejecting
identical argument).

2.         Texas Rule of Civil Procedure 28

Appellants also argue the trial court had jurisdiction
because the Louetta parties were allowed to substitute as parties under Rule
28, which provides:

Any partnership,
unincorporated association, private corporation, or individual doing business
under an assumed name may sue or be sued in its partnership, assumed or common
name for the purpose of enforcing for or against it a substantive right, but on
motion by any party or on the court=s own motion the true name may be
substituted.

Tex. R. Civ. P. 28. 








According to appellants, ANomura Credit & Capital Inc.@ serves as the common name for the
Louetta parties.  Appellants apparently claim the Louetta parties exhausted
their administrative remedies and timely appealed the Board=s determination by filing a protest
and a subsequent petition for review under the assumed name of ANomura Credit & Capital  Inc.@; thus, the Louetta parties may be
substituted for Nomura in the pleadings under Rule 28.[7]


However, before use of a common name is adequate to justify
substitution under Rule 28, a party must show it was in fact doing business
under that common name.  See BACM 2002 PB2 Westpark Dr. LP, 2009 WL
2145922, at *6 (citing Seidler v. Morgan, 277 S.W.3d 549, 553, 556 (Tex.
App.CTexarkana 2009, pet. denied); Howell
v. Coca-Cola Bottling Co. of Lubbock, Inc., 595 S.W.2d 208, 212 (Tex. App.CAmarillo 1980, writ ref=d n.r.e)).  There is no evidence in
the record that the Louetta parties were doing business as ANomura Credit & Capital Inc.@  Appellants contend HCAD=s own records reflected ANomura Credit & Capital Inc.@ as the property owner.  However, the
appropriate inquiry is not whether HCAD referred to, or addressed, an entity by
a particular name, but whether the entity actually did business under the
common name.  See Tex. R. Civ. P. 28; KM-Timbercreek, LLC, 2009
WL 3321332, at *6.  There is no evidence the Louetta parties held themselves
out as ANomura Credit & Capital Inc.@ or requested that HCAD refer to them
by that name in the appraisal records.  HCAD, by its actions alone, could not
decide that the Louetta parties did business under the common name of ANomura Credit & Capital Inc.@; only the Louetta parties could
establish that they would operate their business under an assumed or common
name.  See KM-Timbercreek, LLC, 2009 WL 3321332, at *6B7 (rejecting argument that HCAD=s reference to an entity as property
owner in its records constituted evidence true property owner was doing
business under assumed name of that entity).








Therefore, there is no evidence to warrant application of Rule
28.  Cf., e.g., Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d
46, 52B53 (Tex. 2003) (involving party who
presented Asignificant amount of evidence@ it used assumed name). 
Consequently, appellants= argument that the trial court had jurisdiction over the
Louetta parties= claims pursuant to substitution under Rule 28 lacks merit.  See
BACM 2002 PB2 Westpark Dr. LP, 2009 WL 2145922, at *6B7 (rejecting identical argument by
property owner that it could establish jurisdiction by substituting under Rule
28 for entity who filed protest and subsequent petition for judicial review
because there was no evidence property owner was doing business under the name
of the other entity).

III.  Conclusion

In sum, the trial court properly concluded that it lacked
subject-matter jurisdiction over all appellants= claims.  Accordingly, we overrule
appellants= sole issue and affirm the trial court=s Order of Dismissal.

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Justices Seymore, Brown, and Sullivan.









[1]  This plaintiff was actually named as ANomura Credkt & Capital Inc.,@ which we construe as merely a mispelling of ANomura Credit & Capital Inc.@ because the record does not reflect any entity named ANomura Credkt & Capital Inc.@ was ever involved in this dispute.  Additionally. in
their brief, appellants refer to ANomura
Credit Capital Inc.@ omitting the A&@ from the name, which we construe as also a
misspelling of ANomura Credit & Capital Inc.,@ considering it was the only ANomura@ name involved
in this dispute. 





[2]  In their replies, HCAD actually referred to the
Louetta parties as ADL Louetta Village, LLC@ and AJL Louetta Village, LLC,@which were slightly different than the names on the amended petition. 
Nonetheless, we construe the replies as challenging jurisdiction over the
parties whose names are on the amended petition because they are the only ALouetta@
entities who have appeared in this suit.  





[3]  In their live petition and notice of appeal,
appellants also named the Board as a defendant and appellee.  Because the
record does not reflect that the Board appeared in the suit and it is not a
necessary party under the circumstances of this case, we consider HCAD as the
only appellee properly before this court.  See BACM 2002 PB2 Westpark Dr. LP
v. Harris County Appraisal Dist., 14-08-00493-CV, 2009 WL 2145922, at *1
n.1 (Tex. App.CHouston [14th Dist.] June 21, 2009, no pet. h.) (mem
op.) (concluding HCAD was the only appellee properly before our court under
identical circumstances).





[4]  Although Nomura was retained as a plaintiff in the
amended petition and filed a notice of appeal, only the Louetta parties, and
not Nomura, are named as appellants in the brief.  Regardless, we will address
the trial court=s ruling that it lacks jurisdiction over Nomura=s claims as well.  





[5]  Under the law in effect when appellants filed suit,
a party was required to Afile a petition for judicial review with the district
court within 45 days after the party received notice that a final order has
been entered from which an appeal may be had.@  Act of May 26, 1979, 66th Leg., R.S., ch. 841, 1979 Tex. Gen. Laws
2217, 2311 (amended 2009) (current version at Tex. Tax Code Ann. ' 42.21(a) (Vernon Supp. 2009)).  Section 42.21(a) was
recently amended to change the filing deadline to sixty days.  See Tex.
Tax Code Ann. ' 42.21(a).  The amendment is applicable to any appeals
pending as of the effective date of the bill.  See id.  This
change in law does not affect the disposition of this case; under either
deadline, Nomura timely filed an appeal, but the Louetta parties did not.





[6]  The warranty deed shows the property was conveyed to
ADL Louetta Village, LLC@ and AJL Louetta Village, LLC,@ which are different names than the Louetta parties who filed the
amended petition in this suit: ADL Louetta
Village Square LP@ and AJL Louetta
Village Square LP.@  Regardless, because the Louetta parties who filed
the amended petition alleged they were the property owners, we will determine
whether the trial court had jurisdiction over their claims.  





[7]  Although appellants mention Asubstitution,@
the live petition still listed both the Louetta parties and Nomura as
plaintiffs.  Nonetheless, we will consider the argument that the Louetta
parties had standing to sue because they filed a protest and initially brought
suit under their assumed name of ANomura
Credit & Capital Inc.@