Affirmed and Memorandum Opinion filed March 4, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00707-CV

___________________

 

SCOTT PLAZA ASSOCIATES LTD., COMMONLY KNOWN AS
J & FRIEDMAN S. STEWARD, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2007-56395

 



 

 

MEMORANDUM OPINION

            Scott Plaza Associates and J & Friedman S. Steward
appeal from the trial court’s order granting Harris County Appraisal District’s
(“HCAD”)[1]
plea to the jurisdiction.  We affirm.

I.  Factual and Procedural Background

            The
property at issue is located at 4050 Banbury Place in Houston.  Despite the
fact that Steward sold the property on April 24, 2006 to Scott Plaza, Steward
filed a notice of protest with HCAD’s Appraisal Review Board protesting the
2007 tax assessment for the property.  On July 27, 2007, the chairman of the
Appraisal Review Board signed an order determining protest ordering a reduction
in the appraised value of the property.  

            On
September 13, 2007, Steward filed an original petition in the trial court
challenging the Review Board’s determination.  On May 15, 2009, HCAD filed a
plea to the jurisdiction arguing that the trial court lacked subject matter
jurisdiction because Steward was not the owner of the property as of January 1,
2007, and only the property owner had standing to appeal from the Review
Board’s order.  HCAD attached to its plea a copy of the warranty deed in which Steward
sold the land to Scott Plaza.  On May 22, 2009, Steward amended its petition
naming Scott Plaza as a plaintiff in the suit for judicial review of the
Board’s order.  Steward and Scott Plaza responded to HCAD’s plea to the
jurisdiction, arguing that the procedural defects had been corrected by
applying section 42.21(e)(1) of the Texas Tax Code to correct or change the
name of the plaintiffs.  Appellants further argued that Scott Plaza was a common
name for both appellants and that Texas Rule of Civil Procedure 28 permits it
to amend a petition to include Scott Plaza as the true name of the property
owner.  

            On
June 30, 2009, the trial court granted HCAD’s plea to the jurisdiction and
dismissed the suit.  In two issues, appellants contend that the trial court
erred in granting the plea to the jurisdiction because appellants had standing
to file the suit pursuant to section 42.21 of the Tax Code and because Rule 28
permits substitution of the true name of the plaintiff.

 

II.
Standard of Review

Standing is a component of subject-matter
jurisdiction that cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).  If a party does not have
standing, a trial court has no subject-matter jurisdiction to hear the case.  Id.
at 444–45.  A trial court’s jurisdiction to hear the subject matter of a
dispute may be challenged by filing a plea to the jurisdiction.  See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail on a plea to the jurisdiction
by demonstrating that, even if all the plaintiff’s pleaded allegations are
true, an incurable jurisdictional defect remains on the face of the pleadings
that deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In determining a plea to the jurisdiction,
a trial court may consider the pleadings and any evidence pertinent to the
jurisdictional inquiry.  Bland, 34 S.W.3d at 554–55.

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings
liberally in favor of the pleader and look to the pleader’s intent to determine
whether the facts alleged affirmatively demonstrate the trial court’s
jurisdiction to hear the cause.  See id.  

III.
Analysis

            In
two issues, appellants assert that the trial court erred in granting the plea
to the jurisdiction.  Specifically, appellants contend that Steward timely
amended its petition to include Scott Plaza as a party pursuant to section
42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil Procedure 28.

 

A.        Standing

This court recently addressed both of these arguments
in BACM 2002 PB2 Westpark Dr LP v. Harris County Appraisal District, No.
14-08-00493-CV, 2009 WL 2145922 (Tex. App.—Houston [14th Dist.] June 21, 2009,
no pet.) (mem. op.), and we reach the same outcome here.

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court.  Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.)  Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court.  Failure to timely file a petition bars any appeal under the chapter. 
Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).  Section 42.01 of the Tax
Code specifies that a property owner is entitled to appeal an order of the
appraisal review board determining a protest by the property owner as provided
by sections 41.41 et seq. of the Property Tax Code.  Id. §
42.01(1)(A).  Alternatively, a property owner may designate a lessee or an agent
to act on the property owner’s behalf for any purpose under the Property Tax
Code, including filing a tax protest.  Id. §§ 1.111 (Vernon 2008)
(authorizing a designated lessee or agent to act for a property owner),
41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner
in certain circumstances).

Therefore, to qualify as a “party who appeals” by
seeking judicial review of an appraisal-review board’s tax determination under
section 42.21(a), appellants had to be an owner of the property, a designated
agent of the owner, or the authorized lessee of the property under the
circumstances stated in section 41.413.  A party who does not meet one of the
above criteria would lack standing under the Property Tax Code.  BACM,
2009 WL 2145922, at *3.  If the litigant lacks standing, the trial court is
deprived of subject-matter jurisdiction to consider a suit for judicial review
based on an ad valorem tax protest.  Id.

Here, Steward did not own the property as of January
1, 2007.  Steward did not claim rights to protest under the Property Tax Code
as either a lessee or an agent.  Therefore, Steward lacked standing to pursue
judicial review as a “party who appeals” under section 42.21(a).  The record
does not reflect that Scott Plaza pursued its right of protest as the actual
property owner.  According to the record, Scott Plaza was not named as a party
until May 22, 2009 when Steward filed a first amended original petition. 
Therefore, the Review Board had not determined a protest by the actual property
owner, Scott Plaza, upon which Scott Plaza could premise a right to appeal as
the property owner.  See Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a); BACM,
2009 WL 2145922, at *4. 

B.        Application of Section 42.21(e)(1)

Appellants also contend the trial court had
jurisdiction because section 42.21(e)(1) allows amendment of a timely filed
petition “to correct or change the name of a party.”  See Tex. Tax Code
Ann. § 42.21(e)(1); BACM, 2009 WL 2145922, at *5.  We disagree, for the
same reasons announced in BACM.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[2]  See Tex.
Tax Code Ann.  42.21(e)(1).  To seek judicial review
under Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.  Id. § 42.21(a).  

Steward timely filed a petition for review; however, Steward
did not own the property on January 1, 2007, and thus lacked standing to seek
judicial review.  See BACM, 2009 WL 2145922, at *5.  Appellants’
argument that subsection 42.21(e)(1) operates to allow Steward to correct or
change the party’s name presupposes that Scott Plaza was a proper party
entitled to seek judicial review.  Id.  However, Scott Plaza did not
pursue its right to protest as the property owner.  When no proper party timely
appealed to the district court, the trial court did not acquire subject-matter
jurisdiction, and the Review Board’s determination became final.  See id. 
We overrule appellants’ first issue.

C.        Application of Texas Rule of Civil
Procedure 28     

Lastly, appellants argue the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Scott Plaza as Steward’s “true name.”  Rule 28 states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court’s own motion the true name may be substituted.

Tex. R. Civ. P. 28.  

In this case, Steward attempted to substitute its
“true name” Scott Plaza by filing an amended original petition and arguing Rule
28 permitted the substitution.  For a party to take advantage of Rule 28 and
sue in its common name, there must be a showing that the named entity is in
fact doing business under that common name.  Seidler v. Morgan, 277
S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).  Whether an entity
does business under an assumed or common name is a question of fact for the
trial court.  Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).   

Appellants did not make a showing that Scott Plaza
was in fact doing business under the common name Steward, nor was there
evidence that appellants used Steward as a common name to warrant application
of Rule 28.  Compare Sixth RMA Partners, 111 S.W.3d at 52
(concluding evidence supported assumed-name finding when Sixth RMA presented
evidence that RMA Partners, L.P. was used as trade name for various RMA
partnerships, RMA letterhead was used, and payments on notes were made to RMA) and
Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (stating some
evidence supported application of Rule 28 when stationery and phone-number
listing used by one-person professional association contained name of
individual).[3] 
Accordingly, we overrule appellants’ second issue on appeal.

The trial court’s judgment is affirmed.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Anderson, and Seymore.

 









[1] Appellants’ pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants.  Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary party,
we consider HCAD the only appellee properly before this court.  See BACM
2002 PB2 Westpark Dr. LP v. Harris County Appraisal Dist., 14-08-00493-CV,
2009 WL 2145922 at 1, n. 1 (Tex. App.—Houston [14th Dist.] June 21, 2009, no
pet.) (mem. op.).





[2] Appellants do not argue
that Subsection (c) applies to this case.





[3] Although appellants cite
HCAD’s records that reflect Steward as the property owner even after the
property sale, HCAD’s records alone are not sufficient to establish Scott Plaza
operated its business under the common name of Steward.  See KM-Timbercreek,
LLC v. Harris County Appraisal Dist., — S.W.3d —, No. 01-08-00689-CV, 2009
WL 3321332, at *7 (Tex. App.—Houston [1st Dist.] Oct. 15, 2009, no pet.)
(stating only Timbercreek could establish whether it operated its business
under an assumed or common name).  There is no evidence that Scott Plaza held
itself out as Steward or requested HCAD refer to it as Steward in its records. 
Id.