Affirmed and Opinion filed April 8, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00340-CV

___________________

 

WOODWAY DRIVE LLC a/K/A First ReliAnce Metering
LP, Appellant

 

V.

 

Harris County Appraisal District,
Appellee



 



 

On
Appeal from the 269th District Court

Harris County,
Texas



Trial Court Cause No. 2007-56426

 



 

 

OPINION

            Woodway Drive LLC a/k/a First Reliance Metering LP
appeals from the trial court’s order granting the plea to the jurisdiction
filed by Harris County Appraisal District (“HCAD”).[1] We affirm.

I.                  
Factual and Procedural Background

The property at issue is
a 1.691 acre tract of land in the John D. Taylor Survey, Abstract No. 72, in
Harris County, Texas. By deed dated December 14, 2006, First Reliance Metering,
LP (“First Reliance”) conveyed the subject property to Woodway Drive, LLC
(“Woodway”). Despite this conveyance, First Reliance filed a notice of protest
with HCAD’s Appraisal Review Board protesting the 2007 tax assessment for the
property. On August 2, 2007, HCAD issued an order denying the protest to First
Reliance’s agent, O’Connor & Associates. 

On September 13, 2007,
First Reliance appealed this decision by filing an original petition in the
trial court challenging the Review Board’s determination. On February 18, 2009,
First Reliance filed an amended petition adding Woodway as a plaintiff. At the
same time, it filed a motion to substitute the true party pursuant to Texas
Rule of Civil Procedure 28. On February 20, 2009, HCAD filed a plea to the
jurisdiction arguing that the trial court lacked subject matter jurisdiction
because First Reliance was not the owner of the property as of January 1, 2007,
and only the property owner had standing to appeal from the Review Board’s
order. Woodway, the property owner, failed to timely appeal. On March 11, 2009,
the trial court granted HCAD’s plea to the jurisdiction and dismissed the case.
This appeal followed.

II.              
Standard of Review

We review a trial court’s
ruling on a plea to the jurisdiction de novo. See Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). In our review, we
construe the pleadings liberally in favor of the pleader and look to the
pleader’s intent to determine whether the facts alleged affirmatively
demonstrate the trial court’s jurisdiction to hear the cause. See id.  

Standing is a component
of subject-matter jurisdiction that cannot be waived. Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 445–46 (Tex. 1993). If a party does
not have standing, a trial court has no subject-matter jurisdiction to hear the
case. Id. at 444–45. A trial court’s jurisdiction to hear the subject
matter of a dispute may be challenged by filing a plea to the jurisdiction. See
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail
on a plea to the jurisdiction by demonstrating that, even if all the
plaintiff’s pleaded allegations are true, an incurable jurisdictional defect
remains on the face of the pleadings that deprives the trial court of
subject-matter jurisdiction. Harris County Appraisal Dist. v. O’Connor &
Assocs., 267 S.W.3d 413, 416 (Tex. App.— Houston [14th Dist.] 2008, no
pet.). In determining a plea to the jurisdiction, a trial court may consider
the pleadings and any evidence pertinent to the jurisdictional inquiry. Bland,
34 S.W.3d at 554–55.

III.           
Analysis

In one issue, appellant
asserts that the trial court erred in granting the plea to the jurisdiction.
Specifically, appellant contends that it timely amended its petition to include
Woodway as a party pursuant to section 42.21(e)(1) of the Texas Tax Code and
Texas Rule of Civil Procedure 28.

A.        Standing

This court recently
addressed both arguments in BACM 2002 PB2 Westpark Dr. LP v. Harris County
Appraisal District, No. 14-08-00493-CV, 2009 WL 2145922 (Tex. App.—Houston
[14th Dist.] June 21, 2009, no pet.) (mem. op.), and we reach the same outcome
here.[2]

As a general rule, only a
property owner may protest tax liability before an appraisal-review board and
seek judicial review in court. Tourneau Houston, Inc. v. Harris County
Appraisal Dist., 24 S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). Section 42.21(a) of the Property Tax Code requires a party who appeals
as provided by Chapter 42 of the Property Tax Code to timely file a petition
for review with the district court. Failure to timely file a petition bars any
appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).
Section 42.01 of the Tax Code specifies that a property owner is entitled to
appeal an order of the appraisal review board determining a protest by the property
owner as provided by sections 41.41 et seq. of the Property Tax Code. Id.
§ 42.01(1)(A). Alternatively, a property owner may designate a lessee or an
agent to act on the property owner’s behalf for any purpose under the Property
Tax Code, including filing a tax protest. Id. §§ 1.111 (Vernon 2008)
(authorizing a designated lessee or agent to act for a property owner),
41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner
in certain circumstances).

Therefore, to qualify as
a “party who appeals” by seeking judicial review of an appraisal-review board’s
tax determination under section 42.21(a), appellant had to be an owner of the
property, a designated agent of the owner, or the authorized lessee of the
property under the circumstances stated in section 41.413. A party who does not
meet one of the above criteria would lack standing under the Property Tax Code.
BACM, 2009 WL 2145922, at *3. If the litigant lacks standing, the trial
court is deprived of subject-matter jurisdiction to consider a suit for
judicial review based on an ad valorem tax protest. Id.

Here, First Reliance did
not own the property as of January 1, 2007. It did not claim rights to protest
under the Property Tax Code as either a lessee or an agent. Therefore, First Reliance
lacked standing to pursue judicial review as a “party who appeals” under
section 42.21(a). The record does not reflect that Woodway pursued its right of
protest as the actual property owner. According to the record, Woodway was not
named as a party until February 18, 2009, when a First Amended Original
Petition was filed. Therefore, the Review Board had not determined a protest by
the actual property owner, Woodway, upon which it would then premise a right to
appeal as the property owner. See Tex. Tax Code Ann. §§ 42.01(1)(A),
42.21(a); BACM, 2009 WL 2145922, at *4. 

B.        Application
of Section 42.21(e)(1)

Appellant also contends
that the trial court had jurisdiction because section 42.21(e)(1) allows
amendment of a timely filed petition “to correct or change the name of a
party.” See Tex. Tax Code Ann. § 42.21(e)(1); BACM, 2009 WL
2145922, at *5. We disagree, for the same reasons announced in BACM.

Section 42.21(e)
specifies that only petitions that are “timely filed under Subsection (a) or
amended under Subsection (c)” may later be amended to correct or change a
party’s name.[3]
See Tex. Tax Code Ann.  42.21(e)(1). To seek
judicial review under Subsection (a), the plaintiff must be a “party who
appeals as provided by [Chapter 42],” meaning the plaintiff must be the
property owner, a properly designated agent, or a lessee. Id. §
42.21(a). 

First Reliance filed a
timely appeal; however, it did not own the property on January 1, 2007, and
thus lacked standing to seek judicial review. See BACM, 2009 WL 2145922,
at *5. Appellant’s argument that subsection 42.21(3)(1) operates to allow it to
correct or change the party’s name presupposes that Woodway was a proper party
entitled to seek judicial review. Id. However, Woodway did not pursue
its right to protest as the property owner. When no proper party timely
appealed to the district court, the trial court did not acquire subject matter
jurisdiction, and the Review Board’s determination became final. See id.


C.        Application
of Texas Rule of Civil Procedure 28

Appellant also argues
that the trial court had jurisdiction to hear the case because Texas Rule of
Civil Procedure 28, which governs suits by or against entities doing business
under an assumed name, permits substitution of Woodway as First Reliance’s
“true name.” Rule 28 states:

Any partnership, unincorporated
association, private corporation, or individual doing business under an assumed
name may sue or be sued in its partnership, assumed or common name for the
purpose of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be substituted.

Tex. R.
Civ. P. 28.  

In this case, First
Reliance attempted to substitute its purported “true name” Woodway by filing an
amended original petition and arguing Rule 28 permitted the substitution. For a
party to take advantage of Rule 28 and sue in its common name, there must be a
showing that the named entity is in fact doing business under that common name.
Seidler v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet.
denied). Whether an entity does business under an assumed or common name is a
question of fact for the trial court. Sixth RMA Partners, L.P. a/k/a RMA
Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003).

Appellant did not make a
showing that Woodway was in fact doing business under the common name First
Reliance, nor was there evidence that Woodway used First Reliance as a common
name to warrant application of Rule 28. Compare Sixth RMA Partners, 111
S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth RMA
presented evidence that RMA Partners, L.P. was used as trade name for various
RMA partnerships, RMA letterhead was used, and payments on notes were made to
RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (stating
some evidence supported application of Rule 28 when stationery and phone-number
listing used by one-person professional association contained name of
individual).[4]


IV.            
Conclusion

We overrule appellant’s sole issue and
affirm the trial court’s judgment.

 

                                                                                                

                                                                        /s/        William
J. Boyce

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

 









[1] Appellant’s pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants. Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary party,
HCAD is the only appellee properly before this court. See BACM 2002 PB2
Westpark Dr. LP v. Harris County Appraisal Dist., 14-08-00493-CV, 2009 WL
2145922 at *1, n. 1 (Tex. App.—Houston [14th Dist.] June 21, 2009, no pet.)
(mem. op.).





[2]  See also Woodway
Drive LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL
724174 (Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); Scott
Plaza Assoc., Ltd., No. 14-09-00707-CV, 2010 WL 724187 (Tex. App.—Houston
[14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); SWP Remic Prop. II LP v.
Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL 26524 (Tex.
App.—Houston [14th Dist.] Jan. 7, 2010, no pet.) (mem. op.); Skylane West
Ltd. V. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL 4913256
(Tex. App.—Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.); DL
Louetta Village Square LP v. Harris County Appraisal Dist., No.
14-08-00549-CV, 2009 WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009,
no pet.) (mem. op.).





[3] Appellants do not argue
that Subsection (c) applies to this case.





[4] Although appellant cites
HCAD’s records that reflect First Reliance as the property owner even after the
property sale, HCAD’s records alone are not sufficient to establish Woodway
operated its business under the common name of First Reliance. See
KM-Timbercreek, LLC v. Harris County Appraisal Dist., __S.W.3d __, No.
01-08-00689-CV, 2009 WL 3321332, at *7 (Tex. App.—Houston [1st Dist.] Oct. 15,
2009, no pet.) (stating that only Timbercreek could establish whether it
operated its business under an assumed or common name). There is no evidence
that Woodway held itself out as First Reliance or requested HCAD refer to it as
First Reliance in its records. See id.